## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ALI MEHDIPOUR, )
)
    Plaintiff, )
)
v. )    Case No. CIV-16-411-M
)
KEITH SWEENEY, Oklahoma City )
Police Officer, in his individual capacity, )
J. BEFEBVRE, Oklahoma City )
Police Officer, in his individual capacity, )
R. HOLT, Oklahoma City Police )
Lieutenant, in his individual capacity, )
)
    Defendants. )

## ORDER

Before the Court is the Motion to Dismiss of Defendant Keith Sweeney ("Sweeney") and

Brief in Support, filed June 30, 2016. On October 13, 2016, plaintiff responded, and on October

20, 2016, Sweeney replied. Based on the parties' submissions, the Court makes its determination.

I.    Introduction[1]

On March 21, 2014, the Oklahoma City Police Department ("OKCPD") received an

anonymous phone call reporting a possible drug buy at a Starbucks located at the corner of

Northwest Expressway and N. Independence Ave. between a female named Paola Chunga

("Chunga") and plaintiff, who was driving a black SUV. Sweeney, an OKCPD Officer, and

defendants OKCPD Officer J. Lefebvre ("Lefebvre") and Lieutenant R. Holt ("Holt"), drove

through the Starbucks parking lot, but did not see plaintiff's vehicle. Sweeney returned to the

parking lot approximately three (3) minutes later and observed Chunga getting out of plaintiff's

SUV. Sweeney asked Chunga her name to which she replied Paola and then immediately left to

---

[1] Unless otherwise stated, the alleged facts set forth are taken from plaintiff's Complaint.

follow plaintiff in his vehicle. Plaintiff turned left out of Starbucks parking lot, onto N. Independence Ave. Sweeney followed plaintiff for approximately 100 to 200 yards before activing his overhead lights and pulling plaintiff over for failing to signal the turn from Starbucks.

Plaintiff pulled over and got out of his vehicle to go to Sweeney, who immediately handcuffed plaintiff and placed him in the back of his patrol car. Lefebvre picked up Chunga and brought her to Sweeney. Sweeney and Lefebvre questioned Chunga about the alleged drug buy. Chunga told them she had not purchased drugs from plaintiff, and that he gave her $15.00 to pay her cell phone bill. Lefebvre and Sweeney searched Chunga and determined that she did not have anything illegal in her possession. Further, plaintiff alleges that at this time, he had not committed an arrestable offense, and Sweeney was prepared to release him for failure to signal the turn from Starbucks parking lot.

However, before Sweeney would release plaintiff, plaintiff alleges that Sweeney asked him to consent to a search of his vehicle. Plaintiff refused to give Sweeney consent. Plaintiff alleges that despite his refusal to give consent, Sweeney without a warrant, proceeded to search his vehicle anyway, under the pretext of officer safety, while plaintiff was handcuffed in the back of Sweeney's patrol car. Plaintiff alleges that Sweeney found cash and a prescription pill bottle of oxycodone with plaintiff's name on the bottle. The bottle had several oxycodone pills and a paper receipt with six (6) Lortab pills wrapped up inside of it.

Sweeney placed plaintiff under arrest for possession of a controlled and dangerous substance with intent to distribute and possession of proceeds derived from a violation of the Uniform Controlled Dangerous Substance Act. Plaintiff further alleges that even though Sweeney had detained plaintiff, questioned him about a possible drug transaction, and arrested

him, Sweeney failed to read or advise plaintiff of his *Miranda* rights. Further, plaintiff alleges that Holt signed off on Sweeney's Probable Cause Affidavit that there was probable cause to arrest plaintiff. On December 31, 2013, plaintiff, in his state court criminal case, filed a motion to suppress, motion to quash, and motion to dismiss and brief in support based on the illegal search and seizure in violation of plaintiff's constitutional rights. According to the court record in plaintiff's state court case, on March 19, 2014, Judge Glen Jones sustained plaintiff's motion to suppress and dismissed the criminal action against plaintiff.[2] *See* Sweeney's Reply, Exhibit 1, Court Record for Case No. CF-2013-3877.

On April 22, 2016, plaintiff filed this action alleging his Fourth and Fourteenth Amendment Constitutional rights were violated, pursuant to 42 U.S.C. § 1983 ("§ 1983") and, further, alleging punitive damages. Plaintiff brings this action against Sweeney, Lefebvre, and Holt in their individual capacities. Sweeney now asserts that plaintiff's claims are barred by the statute of limitations and, therefore, should be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.[3]

## II.    Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[2] While plaintiff alleges that the criminal action was not disposed of until April 25, 2014, when Judge Jones entered the Order dismissing the case, pursuant to the court record, plaintiff's state court criminal action was disposed of and closed on March 19, 2014.

[3] In his response, plaintiff concedes that any claim for false arrest, pursuant to the Fourth and Fourteenth Amendments, are barred by the statute of limitations. Plaintiff contends that his § 1983 claim stems from malicious prosecution.

reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III.   Discussion

In his reply, Sweeney asserts that plaintiff's malicious prosecution claim is deficient, pursuant to Rule 12(b)(6), and also barred by the statute of limitations.[4] Specifically, Sweeney claims that plaintiff's criminal case was dismissed as of March 19, 2014, and, therefore,

---

[4] The Court would note that plaintiff made no effort to respond to Sweeney's assertions that his malicious prosecution claim is untimely and deficient pursuant to Rule 12(b)(6).

plaintiff's time to file his malicious prosecution claim commenced on that date. Further, Sweeney asserts that plaintiff has failed to establish a plausible claim for malicious prosecution.

Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff's malicious prosecution claim is barred by the statute of limitations.[5] Plaintiff's state court criminal case was dismissed and disposed of as of March 19, 2014. Plaintiff had until March 19, 2016, to file his malicious prosecution claim; however, plaintiff did not file this action until April 22, 2016, after his malicious prosecution claim had expired. Therefore, the Court finds plaintiff's malicious prosecution claim is untimely and should be dismissed.

IV.    Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS the Motion to Dismiss of Defendant Keith Sweeney and Brief in Support [docket no. 5] and DISMISSES this action.

**IT IS SO ORDERED this 19th day of January, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[5]Further, the Court finds that plaintiff has failed to allege sufficient facts to establish a claim for malicious prosecution, pursuant to Rule 12(b)(6); however, since the Court has determined plaintiff's § 1983 claim is untimely, the Court finds there is no need for a Rule12(b)(6) analysis.